UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAUKEEN R. SPRAGGINS,

        Petitioner,

v.                                    CASE NO. 09-cv-10960
                                       HONORABLE NANCY G. EDMUNDS

GREGORY McQUIGGIN,

        Respondent.

_____/

## OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION, DENYING A CERTIFICATE OF APPEALABILITY, BUT GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Waukeen R. Spraggins is a state prisoner at Kinross Correctional Facility in Kincheloe, Michigan. He has filed a *pro se* habeas corpus petition challenging his plea-based convictions for larceny by false pretenses, uttering and publishing, and passing a false title to a motor vehicle. He alleges that the state sentencing guidelines were improperly scored, that he is entitled to withdraw his plea or be re-sentenced, and that his trial attorney was ineffective. Having reviewed the pleadings and record, the Court finds no merit in Petitioner's claims. Consequently, the habeas petition will be denied.

### I. BACKGROUND

Petitioner was charged with several crimes in Macomb County, Michigan. On January 16, 2007, he pleaded no contest to the following four counts in Macomb County Circuit Court: one count of larceny by false pretenses of an item worth $20,000 or more, Mich. Comp. Laws § 750.218(5)(a); two counts of uttering and publishing, Mich. Comp.

Laws § 750.249; and one count of passing a false title to a motor vehicle, Mich. Comp. Laws § 257.254. Petitioner also agreed to pay a towing charge of $275.00 and $21,703.56 in restitution.

In return for Petitioner's plea, the prosecutor agreed not to charge Petitioner with certain auto theft related crimes, not to prosecute Latrese Hunt, and not to charge Petitioner and others with obstruction of justice or subornation of perjury that occurred in jail. Additionally, the prosecutor reduced a charge of habitual offender, fourth offense, to habitual offender, third offense. The parties and the trial court agreed to a sentence within the sentencing guidelines range of twelve to thirty-six months.[1] Additional terms of the plea agreement called for the return of two vehicles, certain documents, and a cell phone to the proper parties.

At the sentencing on March 8, 2007, the prosecutor and defense attorney

---

[1] Pursuant to *People v. Cobbs*, 505 N.W.2d 208 (Mich. 1993), judges may participate in sentencing discussions in the following manner:

> At the request of a party, and not on the judge's own initiative, a judge may state on the record the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense.
>
> . . . .
>
> The judge's preliminary evaluation of the case does not bind the judge's sentencing discretion, since additional facts may emerge during later proceedings, in the presentence report, through the allocution afforded to the prosecutor and the victim, or from other sources. However, a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation.

*Id.* at 212.

acknowledged that the recommended sentencing guidelines range was actually sixty to eighty-four months. In light of the modified sentencing guidelines, the trial court agreed to sentence Petitioner to a minimum sentence of forty-eight months instead of thirty-six months.[2] The trial court then sentenced Petitioner to imprisonment as follows: 48 to 240 months (four to twenty years) for larceny by false pretenses; 43 to 336 months (three years, seven months to twenty-eight years) for each uttering and publishing count; and 43 to 240 months (three years, seven months to twenty years) for passing false title. The trial court ordered the sentences to run concurrently with each other, but consecutively to Petitioner's sentence for violating parole.

Both Petitioner and his appellate attorney filed motions to withdraw the no-contest plea and for re-sentencing. The trial court granted Petitioner's request for two days of jail credit, but denied Petitioner's other requests. The Michigan Court of Appeals subsequently denied leave to appeal for lack of merit in the grounds presented. *See People v. Spraggins*, No. 282912 (Mich. Ct. App. July 9, 2008).[3]

Petitioner then applied for leave to appeal in the Michigan Supreme Court. In lieu of granting leave to appeal, the Michigan Supreme Court remanded Petitioner's case to the trial court for correction of the presentence report and the judgment of sentence to reflect two days of sentence credit. The state supreme court denied leave to appeal in all other respects because it was not persuaded to review the remaining issues. *See People v.*

---

[2] The sentencing guidelines range applies only to the minimum sentence; the maximum sentence is set by statute. *People v. Claypool*, 684 N.W.2d 278, 286 n.14 (Mich. 2004).

[3] Appellate Judge Stephen L. Borrello voted to grant Petitioner's motion to remand the case for a hearing and to deny his other motions.

3

*Spraggins*, 758 N.W.2d 281 (Mich. 2008).[4]

Petitioner filed his habeas petition on March 16, 2009. As noted, he raises issues about his plea, sentence, and trial attorney.

## II. STANDARD OF REVIEW

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, __ U.S. __, __, 131 S. Ct. 770, 783 (2011). Pursuant to § 2254, state prisoners are not entitled to the writ of habeas corpus unless the state court's adjudication of their claims on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). "[W]here factual findings are challenged, the habeas petitioner has the burden of rebutting, by clear and convincing evidence, the presumption that the state court's factual findings are correct." *Goodwin v. Johnson*, 632 F.3d 301, 308 (6th Cir. 2011) (citing 28 U.S.C. § 2254(e)(1) and *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)).

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set

---

[4] Justice Marilyn Kelly voted to remand the case for rescoring of offense variables nine and thirteen.

4

of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S. Ct. at 786. To obtain a writ of habeas corpus from a federal court, state prisoners must show that the state court's ruling on their claims "was so lacking in justification" that it resulted in "an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

### III. DISCUSSION

#### A. The Sentencing Guidelines

Petitioner's first claim alleges that the state sentencing guidelines were scored inaccurately and that the trial court relied on erroneous information in violation of his right to due process. The contention that the sentencing guidelines were incorrectly scored lacks merit because a state court's application of its sentencing laws and guidelines is a matter of state concern only, *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003), and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990). Therefore, Petitioner's challenge to the scoring of the Michigan sentencing guidelines is not a cognizable claim on habeas corpus review. *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001).

Petitioner nevertheless maintains that the trial court relied on erroneous information in calculating the guidelines. A sentence violates due process of law if the trial court relied

5

on "extensively and materially false" information, which the defendant had no opportunity to correct through counsel. *Townsend v. Burke*, 334 U.S. 736, 741 (1948).

Petitioner claims that certain information regarding his marital status, his mother's name, and his mental health were inaccurately reported in his presentence information report. Petitioner has not shown that the trial court relied on these relatively minor personal matters when sentencing him, and the alleged misinformation does not rise to the level of "constitutional magnitude." *United States v. Tucker*, 404 US. 443, 447 (1972). Therefore, Petitioner has no right to be re-sentenced on the basis of the allegedly false personal information in the presentence report.

Petitioner also challenges the scoring of offense variables nine and thirteen. The prosecutor agreed during post-conviction proceedings that offense variable nine (number of victims) should be assessed zero points. The trial court, however, stated in its order on Petitioner's post-conviction motions that it would impose the same minimum sentence regardless of the scoring of offense variable nine. Consequently, the alleged error in scoring offense variable nine did not prejudice Petitioner or violate his right to due process.

As for offense variable thirteen (continuing pattern of felonious criminal activity), Petitioner disputes the use of one or more Ohio offenses to score the offense variable. The trial court determined on post-conviction review that the presentence report was accurate as to the number of Petitioner's convictions and that offense variable thirteen was correctly scored. Even if the trial court erred in its calculation of the offense variable, the corrected guidelines score would be nineteen to fifty-seven months, according to Petitioner. His minimum sentence of forty-eight months falls within that range.

Petitioner has not demonstrated that the allegedly incorrect information "had an

ascertainable and 'dramatic' impact on the sentencing authority." *Zant v. Stephens*, 462 U.S. 862, 903 (1983) (Rehnquist, J., concurring). The Court therefore concludes that the trial court did not rely on extensively and materially false information, which Petitioner had no opportunity to correct through counsel.

### B. The Plea and Sentencing Agreement

In a related claim, Petitioner alleges that he should be allowed to withdraw his plea or be re-sentenced because the plea and sentencing agreement was based on incorrectly scored sentencing guidelines. Petitioner further alleges that his plea was involuntary because he pleaded no contest in reliance on a promise of a minimum sentence of thirty-six months. Petitioner also contends that the prosecutor breached the plea agreement that the minimum sentence would be no more than thirty-six months.

The Supreme Court stated in *Santobello v. New York*, 404 U.S. 257, 262 (1971), that, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." But there is no constitutional right to withdraw a knowing and voluntary guilty or no-contest plea. *Martuzas v. Reynolds*, 983 F. Supp. 87, 90 (N.D. N.Y.1997); *Freeman v. Muncy*, 748 F. Supp. 423, 429 (E.D. Va. 1990); *Williams v. Smith*, 454 F. Supp. 692, 696 (W.D. N.Y. 1978). And the contention that the sentencing guidelines were inaccurately scored is not cognizable on habeas review. *McPhail v. Renico*, 412 F. Supp. 2d at 656; *Robinson v. Stegall*, 157 F. Supp. 2d at 823.

Although Petitioner contends that his plea was involuntary, a plea is voluntary if it is done with sufficient awareness of the relevant circumstances and likely consequences. *Brady v. United States,* 397 U.S. 742, 748 (1970). The defendant must appreciate the

consequences of his plea, waive his rights without being coerced, and understand the rights that he is surrendering. *Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009), *cert. denied*, __ U.S. __, 130 S. Ct. 3322 (2010). The voluntariness of a plea is determined by considering all the relevant circumstances surrounding the plea. *Brady*, 397 U.S. at 749.

Petitioner was thirty-four years old at his plea, and he had the equivalent of a high school diploma. He was informed of the plea agreement, the maximum possible sentences for his crimes, and certain rights that he was waiving by pleading no contest. He assured the trial court that he was pleading no contest freely and voluntarily because it was his choice to plead no contest.

At the subsequent sentencing, the prosecutor explained that, although initially the parties thought the minimum sentence would be no more than thirty-six months, the sentencing guidelines had been re-calculated and were actually sixty to eighty-four months. The trial court acknowledged that, during discussions in chambers, it had agreed to sentence Petitioner to a minimum sentence of forty-eight months in prison. Defense counsel then informed the trial court that Petitioner wanted to go forward with sentencing. (Tr. Mar. 8, 2007, at 4.)

The Court concludes from the record that Petitioner's plea was voluntary. Petitioner agreed to plead no contest with full awareness of the consequences of his plea. Although the prosecutor subsequently recommended a higher minimum sentence in light of the altered sentencing guidelines, he did so in consultation with defense counsel and the trial court. He did not breach the plea agreement. Petitioner then opted to go forward with the proceedings without objecting to the change in the sentencing agreement. In fact, when the trial court asked him whether he had anything to tell the court before sentencing,

Petitioner stated that he regretted what he had done and was ashamed of it. (*Id.* at 11.) Under the circumstances, Petitioner is not entitled to withdraw his plea.

### C. Trial Counsel

Petitioner's third and final claim alleges that trial counsel was ineffective. Petitioner contends that trial counsel miscalculated the sentencing guidelines and failed to object to the prosecutor's re-scoring of the guidelines and breach of the plea agreement. Petitioner further alleges that trial counsel did not advise him of the content of the discussion in the judge's chambers regarding the change in the sentencing guidelines.

### 1. Clearly Established Federal Law

Under *Strickland v. Washington,* 466 U.S. 668, 687 (1984), an attorney is ineffective if "counsel's performance was deficient" and "the deficient performance prejudiced the defense." In guilty plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985).

The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. The petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

### 2. Application

Defense counsel's advice to plead no contest did not constitute deficient performance, because the plea agreement called for a reduction in the habitual offender

9

charge and a promise not to charge Petitioner with additional crimes. Petitioner could have been sentenced to a more severe sentence if he had gone to trial and been convicted. Even if trial counsel underestimated the sentencing guidelines, Petitioner received a favorable plea bargain, and his sentence fell within the guidelines range as he calculated it.

As for Petitioner's remaining contentions, the record indicates that the prosecutor did not breach the plea agreement; instead, the parties re-negotiated the sentencing portion of the agreement, and the trial court approved the agreement. The record further indicates that trial counsel informed Petitioner of the modified plea agreement prior to sentencing. Although defense counsel is quoted in the sentencing transcript as saying that he did *not* convey the content of the discussion in chambers to Petitioner, he went on to say that Petitioner was inclined to go forward with sentencing and had only one correction to make in the pre-sentence report. (Tr. Mar. 8, 2007, at 4-5.) It appears from the context of trial counsel's comment that counsel either misspoke or that his comments were transcribed incorrectly when he stated that he did not convey the parties' discussion to Petitioner.

The Court concludes that defense counsel's performance was not deficient and that counsel's alleged deficiencies did not affect the outcome of the plea process. Therefore, trial counsel was not ineffective.

## IV.  CONCLUSION

The state courts' opinions and orders were not contrary to federal law, unreasonable applications of federal law, or unreasonable determinations of the facts. Accordingly, the petition for a writ of habeas corpus [Dkt. #1] is **DENIED**.

The Court declines to grant a certificate of appealability because reasonable jurists would not debate the Court's resolution of Petitioner's claims, and the claims are not adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Petitioner nevertheless may proceed *in forma pauperis* on appeal because his claims are not entirely frivolous, and an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

                        s/Nancy G. Edmunds  
                        Nancy G. Edmunds  
                        United States District Judge

Dated: October 3, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 3, 2011, by electronic and/or ordinary mail.

                        s/Carol A. Hemeyer  
                        Case Manager